Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| EVELYN SANTIAGO RODRÍGUEZ<br><br>Peticionaria<br><br>v.<br><br>DR. DELFÍN BERNAL ECHEANDÍA, et als<br><br>Recurridos | TA2025CE00786 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2024CV07178 (401)<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 9 de diciembre de 2025.

Comparece ante nos Evelyn Santiago Rodríguez ("señora Santiago Rodríguez" o "la Peticionaria") mediante *Solicitud de Certiorari* presentada el 19 de noviembre de 2025. Nos solicita la revisión de la *Orden* emitida y notificada el 20 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "tribunal *a quo*"). En virtud del aludido dictamen, el foro primario mantuvo su determinación de no permitir prueba pericial en el caso.

Por los fundamentos que expondremos a continuación, **expedimos** el auto de *certiorari* y **revocamos** la *Orden* recurrida.

### I.

De entrada, conviene destacar que esta es la segunda ocasión en que las partes comparecen ante esta Curia dentro del mismo pleito judicial. Así pues, el trámite procesal del caso fue

plasmado en la *Sentencia* emitida y notificada el 10 de noviembre de 2025, por este mismo panel, en el caso con designación alfanumérica TA2025AP00358. A la luz de lo anterior, adoptamos por referencia el tracto esbozado en dicha determinación y nos circunscribimos a reseñar las incidencias procesales concernientes al asunto ante nuestra consideración.

El 14 de mayo de 2025, el Dr. Delfín Bernal Echeandía ("Dr. Bernal Echeandía") presentó *Moción Solicitando Desestimación y/o que se Fije Término Perentorio para la Producción de Prueba Pericial*.[1] En esencia, adujo que la Peticionaria incumplió con las disposiciones del Artículo 41.090 del *Código de Seguros de Puerto Rico*, Ley Núm. 249-2018, según enmendada, 26 LPRA sec. 4109, toda vez que no acompañó la demanda con un informe pericial, ni incluyó alegaciones para establecer que el caso había sido evaluado por un perito. A esos efectos, solicitó al tribunal *a quo* que ordenara a la señora Santiago Rodríguez a, en un plazo de treinta (30) días, notificar el curriculum vitae y el informe de su perito, "que (a) establezca las normas mínimas del cuidado médico-profesional aplicables en nuestra jurisdicción al compareciente, (b) indique cómo el compareciente se apartó de dichas normas, (c) establezca el nexo causal entre el alegado incumplimiento y los daños sufridos reclamados en la Demanda."[2]

En vista de ello, el mismo 14 de mayo de 2025, notificada el 16 de mayo de 2025, el foro primario emitió *Orden* en la que concedió un término de treinta (30) días a la Peticionaria para que presentara el informe pericial, so pena de desestimación.[3]

---

[1] Véase, Entrada 20 del expediente del caso BY2024CV07178 en el Sistema Unificado de Manejo y Administración de Casos del foro primario (SUMAC TPI).
[2] *Íd.*, pág. 5.
[3] Véase, SUMAC TPI, Entrada 25.

Más adelante, el 12 de junio de 2025, la señora Santiago Rodríguez instó *Moción Informativa Notificando Perito y en Solicitud de Término Adicional para Entregar Informe.*[4] A través de esta, informó que el informe pericial sería entregado por el Dr. Daniel Cousin, quien ejercía su práctica en Estados Unidos. Explicó que la escasez de profesionales médicos en la Isla, sumado al envío del expediente, estudios e imágenes a Estados Unidos atrasó el proceso de identificación, análisis y entrega del informe pericial. Por ello, solicitó un término adicional de treinta (30) días para entregar el mismo.

El 16 de junio de 2025, el foro primario concedió el término solicitado.[5]

Posteriormente, el 25 de agosto de 2025, el Dr. Bernal Echeandía presentó una *Moción de Desestimación por Falta de Prueba Pericial.*[6] En esta, adujo que la señora Santiago Rodríguez no presentó el informe pericial dentro del término concedido por el foro primario. Añadió que el 23 de julio de 2024, cursó una comunicación a la Peticionaria solicitando el informe, pero no recibió respuesta. A esos efectos, insistió en los argumentos esbozados en su moción dispositiva del 14 de mayo de 2025, y solicitó la desestimación con perjuicio del pleito.

Trabada así la controversia, el 25 de agosto de 2025, el tribunal *a quo* emitió y notificó *Orden*[7], en la cual dispuso como sigue:

> Exponga el demandante en 10 días las razones por las cuales no se deba desestimar la causa de acción. El término para proveer el informe pericial venció el 12 de julio de 2025. No se va a conceder ninguna a *sic* otra prórroga.

---

[4] Véase, SUMAC TPI, Entrada 29.
[5] Véase, SUMAC TPI, Entrada 31.
[6] Véase, SUMAC TPI, Entrada 36.
[7] Véase, SUMAC TPI, Entrada 38.

Así las cosas, el 4 de septiembre de 2025, la Peticionaria presentó *Moción Informativa Notificando Entrega de Informe Pericial.*[8] En síntesis, adujo que el 25 de agosto de 2025, el foro primario le había concedido un término final de diez (10) días para presentar el informe pericial. Al amparo de tal creencia, informó que el informe pericial preparado por el Dr. Daniel Cousin y el Dr. Aaron Harman había sido remitido a los representantes legales de la Parte Recurrida mediante correo electrónico.

No obstante lo anterior, al próximo día, el foro primario emitió *Orden*[9], determinando lo siguiente:

> No es correcto lo informado en su moción.
>
> El tribunal no concedió ninguna otra prórroga para proveer informe pericial.
>
> La orden claramente decía:
>
> **"Exponga el demandante en 10 días las razones por las cuales no se deba desestimar la causa de acción. El término para proveer el informe pericial venció el 12 de julio de 2025.** No se va a conceder ninguna a *sic* otra prórroga."
>
> Los 10 días eran para exponer las razones por las cuales no se debía desestimar la causa de acción.
>
> **No se permite el informe pericial.** (Énfasis en el original.)

Inconforme, el 19 de septiembre de 2025, la Peticionaria presentó *Moción en Reconsideración a Orden de no Aceptar el Informe Pericial ya Entregado y para Suplementar el Récord.*[10] En primer lugar, esbozó varias razones por las cuales el informe no fue presentado a tiempo. En esa línea, manifestó que, el 26 de abril de 2025, fue víctima de unas transacciones fraudulentas en las que le vaciaron sus cuentas bancarias. Además, alegó que sufrió varios retos en la comunicación con la compañía que representa a los peritos. Asimismo, manifestó haber entendido

---

[8] Véase, SUMAC TPI, Entrada 39.
[9] Véase, SUMAC TPI, Entrada 40.
[10] Véase, SUMAC TPI, Entrada 42.

que, con la entrega del informe pericial, "y la presentación simultánea de una moción para consignar este hecho sería suficiente para que esta se diera por cumplida y que la controversia se tornase académica en esta etapa temprana de los procedimientos."[11]

En segundo lugar, adujo que aunque la ausencia de prueba pericial podía justificar la desestimación de una causa de acción por impericia médica, la jurisprudencia establecía que los tribunales debían proveer un aviso claro y justificaciones robustas antes de proceder con una sanción tan severa como la desestimación. Precisó que estos debían considerar sanciones menos severas antes de excluir prueba.

En tercer lugar, indicó que el Código de Seguros de Puerto Rico, 26 LPRA sec. 101 *et seq.*, obligaba al juez a designar un Panel de Arbitraje dentro de los treinta (30) días posteriores a la radicación de la contestación a la demanda, en casos de impericia médica donde no hubiese un informe pericial firmado ni certificado por un profesional de la salud.

Finalmente, adujo que nada en la jurisprudencia citada por el Dr. Bernal Echeandía establecía que la ausencia de un informe pericial al momento de radicar la demanda conllevaba la desestimación automática del pleito.

Ante ello, el 19 de septiembre de 2025, el foro primario concedió un término de veinte (20) días a la parte recurrida para expresarse en cuanto a dicha moción.[12]

En cumplimiento, el 10 de octubre de 2025, el Dr. Bernal Echeandía presentó *Moción en Cumplimiento de Orden, Entrada*

---

[11] *Íd.*, pág. 2.
[12] Véase, SUMAC TPI, Entrada 44.

*44*.[13] En lo pertinente, expuso que le parecía inverosímil que un evento ocurrido el 26 de abril de 2025 había afectado la capacidad de la Peticionaria para cumplir con la *Orden* del foro primario de someter el informe pericial. Precisó que, la señora Santiago Rodríguez le había provisto copia de la factura de su perito y esta evidenciaba una serie de gestiones realizadas por la Peticionaria para obtener la prueba pericial, luego de vencido el término concedido por el tribunal *a quo* para presentar la misma. Por otro lado, señaló que las órdenes emitidas por el foro primario eran claras, por lo que procedía la desestimación del pleito.

Luego, el 16 de octubre de 2025, San Pablo Developers Inc. d/b/a Advanced Imaging & Interventional Center, Pet Imaging Center, PSC y Puerto Rico Medical Defense Insurance Company instaron *Moción Uni[é]ndonos y Adoptando Moción en Cumplimiento de Orden, Entrada 44*, en la que adoptaron las expresiones esbozadas por el Dr. Bernal Echeandía en la moción reseñada en el párrafo anterior.[14]

Considerados los argumentos de las partes, el 20 de octubre de 2025, el tribunal *a quo* emitió *Orden* reiterando la determinación de no permitir la prueba pericial.[15]

Aún en desacuerdo, el 19 de noviembre de 2025, la Peticionaria instó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Erró el Honorable Tribunal al excluir prueba pericial indispensable para un caso de impericia médica, afectando el derecho sustantivo de acceso a los tribunales, por tratar un incumplimiento procesal técnico como causal automática para eliminar evidencia crucial en una etapa temprana en los procedimientos.
>
> Erró el Honorable Tribunal al considerar la desestimación -o la exclusión del informe y toda

---

[13] Véase, SUMAC TPI, Entrada 48.
[14] Véase, SUMAC TPI, Entrada 49.
[15] Véase, SUMAC TPI, Entrada 52.

prueba pericial equivalente- sin analizar buena fe, proporcionalidad o alternativas menos severas.

Erró el Honorable Tribunal al sostener su negativa a aceptar el informe pericial ya entregado, mediante la eliminación de toda la prueba pericial, sin evaluar ni adjudicar la moción de reconsideración, pero sí dando paso a mociones en oposición extemporáneas o contrarias a derecho con total carencia de eficacia procesal.

El 20 de noviembre de 2025, esta Curia emitió *Resolución* en la cual, concedió a la Parte Recurrida de epígrafe hasta el 1 de diciembre de 2025 para presentar su oposición a la expedición del recurso. Al próximo día, la Parte Recurrida de epígrafe presentó *Moción de Comparecencia y en Solicitud de Prórroga*, mediante la cual solicitó diez (10) días adicionales para presentar su escrito. El mismo 21 de noviembre de 2025, emitimos *Resolución* concediendo un término improrrogable hasta el 5 de diciembre de 2025 para que la Parte Recurrida de epígrafe presentara su oposición a la expedición del recurso. Así pues, el 5 de diciembre de 2025, esta presentó *Oposición a Certiorari Alegato de la Parte Recurrida.*

Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR \_\_ (2025), señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. *Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

### B. Manejo del Caso

El efectivo funcionamiento de nuestro sistema judicial, y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. *BPPR v. SLG Gómez-López*, 213 DPR 314, 333-334, (2023) citando a *In re Collazo I*, 159 DPR 141, 150 (2003). Es por ello, que a éstos

se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Íd.*

Cónsono con lo anterior el Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró*, 181 DPR 517, 529 (2011). Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del foro primario. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Siendo así, el Tribunal Supremo ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto. *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020). El ejercicio adecuado de la discreción judicial se relaciona de manera estrecha con el concepto de razonabilidad. *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 273 (2021).

Ahora bien, los foros de primera instancia tienen la potestad, por virtud de la Regla 37.7 de Procedimiento Civil, 32 LPRA Ap. V, R.37.7, de imponer "sanciones económicas por incumplir con las órdenes y los señalamientos relacionados al manejo del caso, sin que medie justa causa". *Rivera et al. v. Arcos Dorados et al.,* supra, 205 (2023). En lo pertinente, el Tribunal Supremo de Puerto Rico ha establecido que "nada impide que los tribunales impongan sanciones más severas luego de que la parte sea debidamente apercibida de la situación y de las

consecuencias que acarrearía un incumplimiento subsiguiente. *Íd.*, pág. 214. En tal sentido, nuestra más Alta Curia ha resuelto que "la medida severa de excluir del juicio el testimonio de un perito esencial es análoga a la medida extrema de desestimación, por lo que sólo debe implementarse en circunstancias excepcionales". *Íd.* pág. 215.

**III.**

Por estar estrechamente relacionados los errores, pasamos a resolverlos de manera conjunta.

En el presente caso, la señora Santiago Rodríguez sostiene que el foro *a quo* incidió al no permitirle presentar prueba pericial, sin haber evaluado la solicitud de reconsideración ni realizado "un análisis de buena fe o proporcionalidad o alternativas menos onerosas."[16] Le asiste la razón. Veamos.

Conforme obra en el expediente, el 14 de mayo de 2025, notificado el día 16 del mismo mes y año, el foro primario emitió *Orden* en la cual le concedió a la Peticionaria un término de treinta (30) días para presentar un informe pericial, so pena de desestimación. Posteriormente, el 16 de junio de 2025, y a solicitud de la señora Santiago Rodríguez, concedió una prórroga adicional de treinta (30) días para la presentación del informe en cuestión.

Transcurrido el término concedido sin que la Peticionaria presentara su informe pericial, el Dr. Bernal Echeandía presentó una solicitud de desestimación. Ante ello, el tribunal *a quo* emitió otra *Orden* mediante la cual dispuso de un término de diez (10) días a la Peticionaria para que expusiera las razones por las cuales no debía desestimar la causa de acción. Acto seguido, la

---

[16] Véase, SUMAC TA, Entrada 1, pág. 16.

señora Santiago Rodríguez, bajo la creencia de que el término de diez (10) días era para presentar el informe, instó moción en la que informó haber cursado el informe pericial a los representantes legales de la Parte Recurrida. Sin embargo, el foro primario emitió *Orden* en la que aclaró que el plazo en cuestión "era para exponer las razones por las cuales no se debía desestimar la causa de acción"[17], y dispuso que no permitiría el informe pericial. Valga destacar que, a esa fecha, el descubrimiento de prueba no había finalizado.

Con lo anterior expuesto, surge que el foro primario apercibió en una primera ocasión a la señora Santiago Rodríguez de que el pleito podía ser desestimado si no se presentaba el informe pericial dentro del término concedido. Ahora bien, como es sabido, es norma firmemente reiterada que en nuestra jurisdicción los tribunales tienen el deber de garantizar que los procedimientos se ventilen con miras a que se logre una justicia rápida y eficiente. Asimismo, se le ha reconocido a los tribunales la facultad de imponer sanciones, con el fin de evitar dilaciones innecesarias en el manejo de un caso.

No empece lo anterior, recientemente el Tribunal Supremo de Puerto Rico aclaró en *Rivera et al. v. Arcos Dorados et al.,* supra, que "la medida severa de excluir del juicio el testimonio de un perito esencial es análoga a la medida extrema de desestimación, por lo que sólo debe implementarse en circunstancias excepcionales" *Íd.*, pág. 215. En otras palabras, los tribunales de primera instancia abusan de su discreción cuando deniegan la presentación de un perito "**sin antes considerar la imposición de sanciones menos severas,**

---

[17] Véase, SUMAC TPI, Entrada 40.

**apercibir a los peticionarios de las consecuencias de su incumplimiento y cuando el descubrimiento de prueba aún no había concluido**". *Íd.*, pág. 215-216.

En ese sentido, ante la petición del Dr. Bernal Echeandía de desestimar el pleito, el foro primario debió, como primera alternativa, **imponer una medida menos severa** en lugar de la drástica sanción de excluir la prueba pericial. Si bien el foro *a quo* advirtió a la señora Santiago Rodríguez de que incumplir con la presentación del informe pericial estaría sujeto a la desestimación, este debió considerar una sanción económica en primer lugar, según lo dispone el ordenamiento jurídico. Por consiguiente, es forzoso concluir que el foro primario abusó de su discreción al no permitir la presentación del informe pericial de la Peticionaria.

Como corolario de lo anteriormente esbozado y cónsono con los criterios que guían nuestra discreción, procedemos a intervenir con la determinación recurrida, a los fines de permitirle a la Peticionaria presentar su informe pericial, toda vez que no recibió apercibimiento previo sobre dicha sanción y debido a que no había culminado el descubrimiento de prueba.

**IV.**

Por los fundamentos expuestos, **expedimos** el auto de *certiorari* y **revocamos** el dictamen recurrido, a los fines de autorizar la utilización de perito a la parte Peticionaria.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones